**SUSANIN, WIDMAN & BRENNAN, P.C.**
Brian W. Waerig
656 E. Swedesford Road, Suite 330
Wayne, PA 19087
(610)710-4510
Fax: (610)710-4520
Attorneys for Defendants
TransEdge Truck Centers and John Martin

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM SCHAFFHOUSER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-cv-5811 |
| | : | |
| TRANSEDGE TRUCK CENTERS and | : | |
| JOHN MARTIN, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANT TRANSEDGE TRUCK CENTERS' ANSWER
## WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, TransEdge Truck Centers[1] hereby answers Plaintiff, William Schaffhouser's

Complaint in this matter as follows:

### INTRODUCTION

1.      Denied. The allegations of this paragraph constitute conclusions of law to which no

response is required. They are therefore denied. To the extent an answer is required, it is denied

that any of TransEdge's actions violated Plaintiff's rights in any fashion.

### PARTIES

2.      Admitted in part. Denied in part. It is admitted that Plaintiff William Schaffhouser

is an adult individual. TransEdge is without knowledge or information sufficient to form a belief

---

[1] The claim against John Martin was dismissed by Order dated June 2, 2020.

as to the truth or falsity of the allegations regarding Plaintiff's residence. Those allegations are therefore denied.

3.      Admitted.

4.      Admitted in part. Denied in part. It is admitted that John Martin is an adult individual. It is denied that John Martin is a defendant or that he has a business address of 1407 Bulldog Drive, Allentown, PA 18104.

5.      Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. The allegations are therefore denied.

## JURISDICTION AND VENUE

6.      Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. The allegations are therefore denied.

7.      Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. The allegations are therefore denied.

8.      Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. The allegations are therefore denied.

## ADMINISTRATIVE REMEDIES

9.      Denied. TransEdge is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. The allegations are therefore denied.

10.     Denied as stated. By way of further answer, the EEOC issued a Dismissal and Notice of Rights dated November 4, 2020.

## FACTUAL ALLEGATIONS

11.     Admitted.

12.    Denied. By way of further answer, Plaintiff's performance was unacceptable, he refused to follow company practice and directives, and he received counseling regarding his performance.

13.    Denied. TransEdge is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. The allegations are therefore denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Admitted in part. Denied in part. It is admitted that for part of Plaintiff's employment, John Martin supervised Plaintiff, and they interacted at work. The remaining allegations are denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Admitted in part. Denied in part. It is admitted that at some point during his employment, Plaintiff spoke to Karen Kaintz about John Martin.

28.    Admitted in part. Denied in part. It is admitted that other employees complained about John Martin. The remaining allegations are denied. By way of further answer, John Martin's employment was terminated by TransEdge on May 23, 2019, while Plaintiff was still employed.

29.    Denied.

30.    Denied. TransEdge is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's alleged medical condition. The allegations are therefore denied.

31.    Denied.

32.    Admitted in part. Denied in part. It is admitted that Plaintiff talked to Scott Kress. The remaining allegations are denied.

33.    Denied.

34.    Denied. TransEdge is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. The allegations are therefore denied.

35.    Denied. TransEdge is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. The allegations are therefore denied.

36.    Denied. TransEdge is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. The allegations are therefore denied.

37.    Denied. TransEdge is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. The allegations are therefore denied.

38.    Admitted in part.  Denied in part.  It is admitted only that Plaintiff's wife left a voicemail for Karen Kaintz on approximately May 23, 2019 stating that Plaintiff would not be in work that day. The remaining allegations are denied.

39.     Denied. TransEdge is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. The allegations are therefore denied.

40.     Denied.

41.     Denied. TransEdge is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. The allegations are therefore denied.

42.     Denied. TransEdge is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. The allegations are therefore denied.

43.     Denied. TransEdge is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. The allegations are therefore denied.

44.     Denied. TransEdge is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. The allegations are therefore denied.

45.     Denied.

46.     Denied.

47.     Admitted in part. Denied in part. It is admitted that on June 21, 2019, not June 22, 2019, Scott Kress terminated Plaintiff's employment. The remaining allegations are denied. By way of further answer, Plaintiff was fired for his performance, failure to follow company policy, practice, and directives in the performance of his job.

48.     Denied. The allegations of this paragraph do not accurately reflect the discussion.

49.     Denied.

## COUNT I

50.     The above responses are incorporated by reference as if fully set forth herein.

51.     Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. They are therefore denied.

52.     Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. They are therefore denied.

53.     Denied. TransEdge is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. The allegations are therefore denied.

54.     Denied.

55.     Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. They are therefore denied.

56.     Denied.

57.     Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. They are therefore denied.

58.     Denied. By way of further answer, Plaintiff was not terminated due to any alleged disability.

59.     Denied.

60.     Denied.

## COUNT II—dismissed

61.     The above responses are incorporated by reference as if fully set forth herein.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. They are therefore denied.

66.     Denied.

## COUNT III—dismissed

67.     The above responses are incorporated by reference as if fully set forth herein.

68.     Denied.

69.     Denied.

70.     Denied. The allegations of this paragraph constitute conclusions of law to which no response is required. They are therefore denied.

71.     Denied.

## COUNT IV—dismissed

72.     The above responses are incorporated by reference as if fully set forth herein.

73.     Denied.

74.     Denied.

75.     Denied.

WHEREFORE, Defendant, TransEdge, hereby requests judgment in its favor, along with costs and any other recovery this Court deems just and proper.

## NEW MATTER AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations or by the doctrine of laches, release, estoppel, waiver, and unclean hands.

3.      Plaintiff's claims may be barred in whole or in part for failure to mitigate damages.

4.      Plaintiff's claims may be barred in whole or in part by the for failure to comply with and/or exhaust statutory prerequisites and/or administrative remedies.

5.      Plaintiff's claims may be barred by the doctrine of undue hardship.

6.      Plaintiff's employment was terminated for a legitimate, non-discriminatory reason.

**SUSANIN, WIDMAN & BRENNAN, P.C.**

Dated:  June 16, 2020                    By:

                                    Brian W. Waerig
                                    656 E. Swedesford Road, Suite 330
                                    Wayne, PA 19087
                                    (610)710-4510
                                    Fax: (610)710-4520
                                    Email:  bwaerig@swbcounsellors.com

                                    Attorneys for Defendant
                                    TransEdge Truck Centers